Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Plaintiff
MATTHEW GALLARDO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MATTHEW GALLARDO

  Plaintiff,

vs.

CITIBANK, N.A.,

  Defendant,

Case No.: **'21CV1344 GPC LL**

**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. MATTHEW GALLARDO (aka MATTHEW GALARDO) (hereinafter referred to as "Plaintiff" or "Mr. Gallardo"), by and through his Counsel of record, brings this action against CITIBANK, N.A. (hereinafter referred to as "Defendant" or "Citibank"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial voice and/or Prerecorded voice in violation of the Telephone Consumer Protection Act, 47

1. U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]

3. Plaintiff makes the allegations contained herein on information and belief (except as to those allegations regarding herself, which are made on personal knowledge).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the Defendant, as the unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.[1]

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

## PARTIES

6. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

8. Defendant Citibank is a National Banking Association which operates as a bank and provides product and services including saving accounts, loans, mortgages, investment fund, credit and debit cards, insurance, electronic banking, capital markets and advisory, and private banking.

9. Defendant Citibank serves customers worldwide, throughout the State of California, including this District.  Defendant regularly conducts business in this District. Defendant's corporate headquarters is located at:  701 E. 60th Street North, Sioux Falls, SD 57104.

10. Defendant, as part of its regular business operations, routinely collects debts on behalf of itself and others using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

11. When individuals owe Defendant debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant collect on those consumer debts owed to it through the mail, electronic communication, and telephone.  Therefore, Defendant is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b)

12. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction."  Thus, this action arises out of a "consumer debt" and "consumer

credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

13. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
14. Plaintiff was originally issued a revolving Credit Card by Defendant. The credit card account was issued, serviced, and collected upon by Defendant.
15. Plaintiff made payments toward the credit card account when he took it out, and maintained good standing until the Fall of 2020, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.
16. Plaintiff initially entered a debt relief program wherein he attempted to repay a portion of what he owed as full satisfaction of his debts. This program was unsuccessful, and Plaintiff went further into default.
17. Upon going into default on Defendant's credit card account, agents for Defendant called Plaintiff multiple times and requested payment using an automated and/or pre-recorded voice.
18. Defendant's agents called Plaintiff as many as 5-7 times per day, almost every single day.
19. The collection calls were made to Plaintiff's cellular telephone.
20. Plaintiff sought out and retained an attorney to represent him with regards to the debts allegedly owed to Defendant.
21. On March 15, 2021, an associate attorney at Plaintiff's Counsel's office, drafted and mailed a Cease-and-Desist letter addressed to Defendant. Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that Defendant needed to cease calling Plaintiff pursuant to the RFDCPA.
22. The March 15, 2021 Cease-and-Desist-Letter referenced the last four digits of

Plaintiff's social security number next to his name to help identify Plaintiff. Said Letter clearly informed Defendant that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

23. Despite Defendant receiving receipt of the Plaintiff's Attorney's March 15, 2021 letter, Defendant continued to call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or automated voice and/or recorded voice, often 5-7 times per day, almost every single day.

24. On at least two (2) occasions, Plaintiff picked up the phone when agents for Defendant called and he repeatedly informed the representatives from Defendant that he had retained counsel and told them to stop calling him.

25. Defendant has called Plaintiff over one hundred (100) times in total after receipt in writing and orally of notice that Plaintiff revoked any prior consent to call Plaintiff, and after written notice informing Defendant that Plaintiff had retained Counsel for any debts owed to Defendant providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

26. Defendant, or its agents or representatives, have contacted Plaintiff on his cellular telephone over one hundred (100) times since March 15, 2021, despite having knowledge that he had retained an attorney and requested all direct communication with him cease.

*Matthew Gallardo v. Citibank - Complaint for Damages*

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act

### (California Civil Code § 1788.14(c))

27. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

28. When Plaintiff's Counsel sent the March 15, 2021 Cease and desist letter to Defendant, Defendant was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

29. When Plaintiff orally stated to representatives for Defendant that he was represented by Counsel, Defendant was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

30. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

31. By calling Plaintiff on his cellular phone one-hundred (100) times after receipt of the March 15, 2021 letter from Plaintiff's Counsel, Defendant violated Cal. Civ. Code §1788.14(c).

32. As a result of the constant collection calls by Defendant, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant

and harassing collection calls by Defendant are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.
## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET. SEQ.

33. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

34. The foregoing acts and omissions by Defendant constitute numerous and multiple knowing and willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et. seq.*

35. By calling Plaintiff repeatedly including by frequently using a pre-recorded voice message, after Plaintiff informed Defendant in writing and orally that they should not contact him, and that he revoked any consent previously given to be contacted using an ATDS or pre-recorded voice message, Defendant willfully violated the TCPA on multiple occasions.

36. As a result of the constant automated calls by Defendant, which frequently used the same pre-recorded voice message, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendant are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

37. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.
## THIRD CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET. SEQ.

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

40. The foregoing acts and omissions by Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et. seq.*

41. By calling Plaintiff repeatedly including by frequently using a pre-recorded voice message, after Plaintiff informed Defendant in writing and orally that they should not contact him, and that he revoked any consent previously given to be contacted using an ATDS or pre-recorded voice message, Defendant negligently violated the TCPA on multiple occasions.

42. As a result of the constant automated calls by Defendant, which frequently used the same pre-recorded voice message, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendant are overwhelming.  Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

43. As a result of Defendant's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over 100 knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), totaling in excess of $150,000.00, pursuant to 47 U.S.C. §227(b)(1).

e. As to the Third Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

f. For such other and further relief as the Court may deem just and proper.

Dated: July 27, 2021      By:   */s/ Ahren A. Tiller*
                                Ahren A. Tiller, Esq.
                                BLC Law Center, APC
                                Attorneys for Plaintiff
                                MATTHEW GALLARDO

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: July 27, 2021                    By:    */s/ Ahren A. Tiller*
                                                                         Ahren A. Tiller, Esq.
                                                                         BLC Law Center, APC
                                                                         Attorneys for Plaintiff
                                                                         MATTHEW GALLARDO

- 10 -
*Matthew Gallardo v. Citibank - Complaint for Damages*